IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TINA JENKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-02267-PX |
| WRC-TV, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION**

Pro se Plaintiff, Tina Jenkins ("Jenkins"), filed suit against Defendant WRC-TV ("WRC-TV"), asserting a host of common law claims arising from a WRC-TV news helicopter flying close to Jenkins. ECF No. 7. Pending is WRC-TV's motion to dismiss for failure to state a claim. The issues are fully briefed, and the Court finds no hearing necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court grants the motion and dismisses the Second Amended Complaint with prejudice.

**I.   Background**

The Court accepts the alleged facts, fanciful as they are, as true and most favorably to Jenkins.[1] On August 18, 2020, while Jenkins was shopping in the Staples near Prince George's Plaza Mall, a shooting took place at the Mall. ECF No. 7 ¶ 8. WRC-TV covered the incident via news helicopter. *Id.* ¶ 6. As Jenkins left Staples, she noticed that the WRC-TV helicopter was "aggressively moving towards her." *Id.* ¶¶ 8, 9. Somehow, contends Jenkins, the "operator of

---

[1] *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

1

Channel 4 News helicopter knew" where she was going, even though the "building rooftop. . . blocked their view." *Id. ¶* 12.

Jenkins proceeded toward the Mall while the WRC-TV helicopter continued to follow her "as if she were the suspect." ECF No. 7 *¶¶* 13, 14. Jenkins next boarded a Metro bus for a short while and then decided to walk. *Id.* ¶¶ 13-23. All the while, the helicopter followed her. *Id.* ¶ 24. Then supposedly another helicopter belonging to WRC-TV started following her and "monitoring Plaintiff as she sat at the bus stop." *Id.* ¶¶ 25, 29. Even though two police officers were nearby, the WRC-TV "helicopters would not leave Plaintiff alone." *Id.* ¶ 31.

Jenkins next entered University Green Meadows Park where she maintains the WRC-TV helicopter still pursued her. ECF No. 7 ¶¶ 33-37. Then "[s]uddenly, the time, date, month, and year on Plaintiff's cell phone changed to a different year, month, date, and time." *Id.* ¶ 36. And eventually the WRC-TV helicopter "went away." *Id.* ¶ 37.

From this, Jenkins maintains she was "mentally and psychologically traumatized and physical exhausted" from the WRC-TV copter pursuit. *Id.* Jenkins now sues WRC-TV for "discrimination" (Count One), intrusion upon seclusion (Count Two), "premeditated harassment" (Count Three), intentional infliction of emotional distress (Count Four), and "abuse of power" (Count Five). *Id.* ¶¶ 43-47. She seeks compensatory and punitive damages "combined in the amount of $9 Billion Dollars." *Id.* at 10.

Although this Court ordered Jenkins to file a Second Amended Complaint that bears her signature as required under Federal Rule of Civil Procedure 11(a), *see* ECF No. 8, Jenkins never complied. Nonetheless, WRC-TV timely moved to dismiss the unsigned Second Amended Complaint for failure to state a claim. ECF No. 13. Jenkins has not responded to the motion, despite her having announced her "intent to defend." ECF No. 15. The Court also provided

Jenkins ample opportunity to respond, ECF Nos. 20, 23, but having heard nothing from Jenkins, and the time for a response having long since passed, the Court will adjudicate the motion.

## II.     Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to her. *Twombly*, 550 U.S. at 555. Factual allegations, however, "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a

district court should view such pro se complaints does not transform the court into an advocate.").

**III.    Analysis**

WRC-TV contends that each claim fails as a matter of law.  The Court considers each in turn.

As to Count One, the "discrimination," claim, the Second Amended Complaint recites no facts supporting the cause of action.  ECF No. 7 at 9.  The pleading merely contends that WRC-TV "discriminated" against Jenkins.  *Id.*  But naked legal conclusions, standing alone, cannot not make plausible the claim.  *See Iqbal*, 556 U.S. at 679.  The barebones allegation must be dismissed.

Next, as to Count Two – intrusion upon seclusion – for the common law claim to be actionable, some facts must make plausible that the defendant intentionally intruded upon "the solitude or seclusion of another or his private affairs or concerns" in a manner that would be "highly offensive to a reasonable person."  *Furman v. Sheppard*, 130 Md. App. 67, 73 (2000) (citing Restatement (Second) of Torts § 652B (Am. Law. Inst. 1977)).  By contrast, reasonable surveillance in a public space cannot support the cause of action.  *Furman*, 130 Md. App. at 73.

The Second Amended Complaint, at best, contends that a WRC-TV helicopter hovered above Jenkins for quite some time as she walked to the Mall, the Metro station, and the woods.  For the duration, Jenkins moved in public spaces.  No facts suggest that the nature of the alleged surveillance intruded on her private affairs or concerns.  Accordingly, this claim must be dismissed.

For Count Three, "harassment," no such private cause of action exists.  *McGagh v. Equifirst Corp.*, No. 8:19-cv-01185-PX, 2020 WL 433864, at *4 (D. Md. Jan. 28, 2020) (citing

*Demo v. Kirksey*, No. 8:18-cv-00716-PX, 2018 WL 5994995, at *6-7 (D. Md. Nov. 15, 2018) ("Although Maryland has criminalized harassment, MD. Code, Crim. Law § 3-803, no private civil cause of action exists for the same."). Nor can the Court discern any common law analogue to which the claim plausibly may be recast. Accordingly, Count Three is dismissed.

As for Count Four, although Maryland recognizes the tort of intentional infliction of emotional distress, it is reserved for only the most outrageous conduct deemed unacceptable in a civilized society. See *Kentucky Fried Chicken Nat. Mgmt. Co. v. Weathersby*, 326 Md. 663, 669-670 (1992). To make plausible the claim, the complaint must aver some facts which show that the defendant's extreme and outrageous intentional acts caused the plaintiff severe emotional distress. *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000). Particularly, the alleged facts must make plausible that the plaintiff's "distress was so severe that no reasonable man could be expected to endure it." *Thacker v. City of Hyattsville*, 135 Md. App. 268, 315 (Md. Ct. Spec. App. 2000) (internal marks and citation omitted) (emphasis in original). This standard sets a high bar. *See B.N.S. by Stuart v. Brito*, No. ELH-17-2670, 2018 WL 5830565, at *10 (D. Md. Nov. 6, 2018). "[C]onclusory statements of emotional distress" will not suffice. *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2017 WL 4162251, at *5 (D. Md. Sept. 19, 2017).

When viewing the complaint facts most favorably to Jenkins, the WRC-TV helicopter followed her from one public place to another for several hours. Although disquieting, nothing about this course of conduct was so "extreme and outrageous" that it exceeded "all possible bounds of decency." *Harris v. Jones* , 281 Md. 560, 567 (1977) (quoting Restatement [Second] of Torts § 46, cmt. d); *see also Mitchell v. Balt. Sun Co.*, 164 Md. App. 497, 525 (2005) (holding that newsgathering – there, a "reporters' questioning of [plaintiff], even if conducted while

5

trespassing" – did not amount to "extreme and outrageous conduct" sufficient to support IIED claim).

Alternatively, even if it the alleged conduct was extreme and outrageous, Jenkins conclusory allegations of emotional distress are insufficient. *Manikhi*, 360 Md. at 367 (2000). The Second Amended Complaint simply ticks off a litany of adjectives to describe how Jenkins felt after the helicopter incident, to include "anxiety, shock, distress, fear, nervousness, anxiousness, sleeplessness, helplessness, nightmares, psychological distress, insomnia, post-traumatic stress, depression, loss of appetite, embarrassment, and humiliation." ECF No. 7 ¶ 42. But no facts make plausible that Jenkins was "unable to function on a daily basis" on account of her alleged psychic injuries. *See Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007). *See also Manikhi*, 360 Md. at 370 ("[n]owhere does the complaint state with reasonable certainty the nature, intensity or duration of the alleged emotional injury."). Accordingly, Count Four must be dismissed.

Last as to Count 5, "abuse of power," the Court is not aware of such cause of action. Giving the Second Amended Complaint a most charitable reading, the Court cannot discern a companion common law claim, and so, Count Five is dismissed as well.

The Court will also dismiss the Second Amended Complaint with prejudice. Generally, when a plaintiff has not been afforded an opportunity to amend the complaint, dismissal should be without prejudice. *See Glover v. Loan Science, LLC*, No. 8:19-01880-PWG, 2020 WL 3960623, at *3 (D. Md. July 13, 2020) (citing *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013)). By contrast, where the plaintiff has been given ample opportunity to cure the pleading deficiencies, dismissal may be with prejudice. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Further, where claims suffer from legal defects

which render them unamendable, dismissal with prejudice is warranted. *Id.* (dismissal with prejudice proper where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). Because allowing further amendment appears futile, the Second Amended Complaint is dismissed with prejudice.

      Based on the foregoing, WRC-TV's motion to dismiss the Second Amended Complaint is granted. The Second Amended Complaint is dismissed with prejudice. A separate Order follows.

| December 2, 2024 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |